*565 OPINION.
Sternhagen:
After hearing all of the witnesses for both the taxpayer and the Commissioner, we have reached the conclusion that *566 this corporation through its officers willfully omitted from its tax return for 1918 a substantial item of its income, with the intent to evade its proper tax. The evidence relied upon by the corporation was the simple statement of its president that he never intentionally caused a fraudulent return to be made or suggested or intimated this to anyone else. The circumstances, however, are quite convincing to the contrary. All of these men knew that the corporation was selling the timber rights upon the tract for approximately $120,000. They were not selling timber in the sense covered by the timber account, but were selling the timber rights to the tract as a whole, and for this they were receiving $40,000 in cash, $30,000 in short-time notes, and $50,000 in stock of the newly formed White Lake corporation. That they actually received this consideration in full is indubitable. The fact that the stock was issued directly to Charles W. Bell and S. Earl Bell makes it none the less part of the consideration received by the corporation.
At the time of the transaction J. Scott Bell, if none of the others, was fully aware that the tax aspects would require consideration. Notwithstanding this the sale was shown on the books of account in a manner that leaves no doubt of the intention to conceal it from the taxing authorities. A bare journal entry was made debiting cash and crediting “timber ” in the amount of $70,000. This journal entry carried with it no explanation. The $50,000 of stock was omitted from the books entirely. It was only by dint of outside investigation that the fact of its receipt was discovered. No reference was made to this item on the tax return, either by way of including it in gross income or explaining its exclusion. The tax return would on its face give no inkling that such an item ever existed. The only explanation given at the hearing for this extraordinary treatment of such a substantial item was that they regarded the stock as worthless, although prior to the" date when the return was filed the stock of J.- Scott Bell, held by his son, wa.s redeemed for $15,000. J. Scott Bell signed the return and he can not be heard to say-, as he testified at the hearing, that these matters were left to his bookkeeper or some one else. The signature and oath upon a return is not an empty form. Its purpose is to fix responsibility, and a sham oath is just as reprehensible as a complete personal misstatement. •
We think,.after having heard all of the witnesses, that this is a clear case of fraud with intent to evade the tax and that the Commissioner therefore properly and lawfully included the penalty within his determination of a deficiency.
Akdtstdell not participating.